# **EXHIBIT B**

Westlaw.

Not Reported in A.2d                                                                                                   Page 1
Not Reported in A.2d, 1996 WL 88270 (Conn.Super.)

▷
Phoenix Horizon Corp. v. Town of North Canaan Inland Wetlands-Conservation Com'n
Conn.Super.,1996.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.
PHOENIX HORIZON CORPORATION
v.
TOWN of North Canaan Inland Wetlands-Conservation Commission
**No. CV 950068461.**

Feb. 9, 1996.

MEMORANDUM OF DECISION

PICKETT, Judge.
*1 The above captioned administrative appeal arises from proceedings before the North Canaan Inland Wetlands & Conservation Commission ("Commission") resulting from an application to conduct a regulated activity filed by Phoenix Horizon Corporation (Phoenix) on February 9, 1995. Plaintiff owns property of approximately 66 acres more or less in the town of North Canaan. The site is steeply sloped, and a wetland system lies downgradient of the proposed location of the building activity associated with the application before the Commission. Plaintiff proposed to construct seventy-three housing units on the site. The wetland area is to be the site of a dam and associated detention basin designed to cope with surface run-off from the developed portion of the property during storm events. Additionally, plaintiff proposed to regrade approximately 0.83 acres outside the wetland boundary line but within the 100 foot buffer adjacent thereto which is subject to regulation under the regulations of the Commission. (R. Exhibit 19 at § 2.1.v.)

The administrative record reveals the following facts regarding the dam and detention basin proposal. The dam will be a compacted earthen embankment with dimensions of eleven feet in width at its top and some three hundred ninety feet in length across a wetland system located in the southeastern portion of the parcel. The dam will require 3,150 cubic yards of fill in the wetlands, covering an area of .33 acre. (Ex. 1) The detention basin is calculated to have a surface area of approximately 1.5 acres under the maximum calculated storm event. (Ex. 25 and 26) On March 28, 1995, some six weeks after filing its application with the Commission for a permit to disturb wetlands on the site of the proposed development, the plaintiff applied to the state Department of Environmental Protection ("DEP") for a permit to construct the dam and associated detention basin. (Ex. 25) The record of proceedings before the Commission includes several items of correspondence generated by the DEP which comment upon the proposed dam and detention basin construction. One item of this correspondence specifically indicated that the DEP had determined to exercise its jurisdiction over the proposed dam and detention basin, and pointed out that the DEP had the power and responsibility to investigate and analyze the impact of any proposed dam construction upon inland wetlands pursuant to Section 22a-403(b) of the General Statutes. (Ex. 30)

On May 25, 1995, the Commission voted to deny the plaintiff's application. (Ex. 13)

The Commissioner of Environmental Protection ("Commissioner") was not a party to the underlying proceedings before the defendant Commission, but rather was noticed with the citation, writ and summons in this matter pursuant to Public Act No. 87-338, Sec. 8, amending Section 22a-43 of the Connecticut Inland Wetlands and Watercourses Act ("Act"), Conn. Gen.Stat. §§ 22a-36 to 22a-45, inclusive. The Commissioner of DEP appears in many appeals brought under this statute primarily to brief issues of constitutional dimension, if raised,

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 1996 WL 88270 (Conn.Super.)

or to deal with technical issues regarding the application of the Act and associated regulations to particular circumstances. The Commissioner has a major involvement in the scheme of protection of wetlands and watercourses in this State. See. Conn. Gen.Stat. § 22a-39. The Commissioner exercises general supervision of the administration and enforcement of the Act, from which statutory authority for municipalities to regulate inland wetlands and watercourses within their boundaries is derived. The Commissioner must issue or deny permits for regulated activities in wetlands or watercourses to be performed by state agencies or other instrumentalities of the State of Connecticut, C.G.S. § 22a-39(h), and is, therefore, experienced in the application of the substantive requirements of the Act. The Commissioner's appearance in this case is in response to a jurisdictional question raised as a result of the interaction of two statutory programs, those being the Act and Chapter 446j of the General Statutes governing dam construction and safety, the latter being a state regulatory program.

*2 The core of the plaintiff's argument in this case is that the Commission lacked jurisdiction to deny the application. The plaintiff's application (Record # 1) specifically requested the Commission to approve a permit to allow construction of a detention basin, all of which involved a physical disruption of 21.5 acres in a specific activity location of 6.05 acres within three separate wetlands areas on the site. This application was never withdrawn. This application was never amended.

Conn. Gen.Stat. § 22a-42a requires a municipal inland wetlands commission to act on an application that has been submitted to it. Subsection (d) provides for the three alternatives available to the Commission, that is, to grant, to deny, or to limit any permit for a regulated activity. Subsection (c) even makes provision for the failure of the wetlands agency to act on any application within the required time period and makes provision that the applicant might file with the Commissioner of Environmental Protection for review and action on the application.

In addition, in accordance with the Commission's own regulations, the Commission had no option but to act on the application. Section 11.1 of the Inland Wetland and Watercourses regulations of North Canaan, (Record # 19) provides: "The Agency may grant the application as filed; grant it upon such terms, conditions, limitations, or modifications necessary to carry out the purposes of the Act; or deny it." Therefore, under both the General Statues and under its own regulations, the Commission had no option except to act on the application as it was presented.

The plaintiff has a pending application before the State of Connecticut for a dam permit (Record # 28). That application process has not been completed. At such time as that process is completed, it will be clear what portion, if any, remains for the town to consider and what portion, if any, of any application over which the town may have jurisdiction. Until that process has been completed, no one, not the plaintiff, not the Commission, and not the Court, has any indication of what jurisdictional area might remain to the town. Therefore, on the jurisdictional issue alone, and on the basis of the plaintiff's arguments on the jurisdictional issue, the Commission had no authority to grant this application.

The plaintiff filed its application with the Commissioner during the pendency of its application before the Commission. Ex. 34. The Commissioner's review of the application to construct the dam and detention basin, however, thereby preempted the ability of the Commission to review the wetlands application before it.

Section 22a-403(b) of the General Statutes states that "[t]he commissioner or his representative, engineer or consultant shall determine the impact of the construction work on the environment, on the safety of persons and property and on the inland wetlands and watercourses of the state in accordance with the provisions of Sections 22a-36 to 22a-45 inclusive ..." The Commissioner therefore has the duty to examine the dam construction pro-

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in A.2d                                                                                                     Page 3
Not Reported in A.2d, 1996 WL 88270 (Conn.Super.)

posal in light of all relevant policies and factors for consideration contained in the Inland Wetlands and Watercourses Act notwithstanding the fact that the Act contemplates local regulation of all inland wetlands and watercourses within municipal boundaries. C.G.S. § 22a-4a(a). The language employed by the General Assembly in Section 22a-403(b) is unequivocally preemptive in nature, demonstrating an intent to commit wetland impact determinations arising from the proposed siting of dams entirely to the Commissioner. See *Shelton v. Commissioner,* 193 Conn. 506, 517 (1984). Regulations of the DEP, promulgated pursuant to the aforementioned Inland Wetlands and Watercourses Act, as well as the Inland Wetlands and Watercourse Regulations of the Commission (Ex. 19), clearly and correctly state that the effect of this legislative directive contained in the dam safety chapter of the General Statues is to render review of the effect of dam construction upon inland wetlands and watercourses a matter solely within the purview of the commissions. Regulations of Connecticut State Agencies (RCSA) § 22a-39-4.3.a.; Inland Wetland and Watercourses Regulations of North Canaan. Ex. 19.

*3 There is no legal dispute on the issue of preemption between the Commissioner and Commission. The regulations of each authority acknowledge that the enabling legislation commits the matter of wetlands impacts arising out of the dam construction proposal of the plaintiff exclusively to the Commissioner. As a matter of application of law to the facts of this case, this agreement leads to the following conclusions: (1) that, contrary to the assumption of the plaintiff, the extent of the Commission's jurisdiction over wetlands and watercourses affected directly or indirectly by the plaintiff's proposal to conduct regulated activities is at this time unascertainable, because the Commissioner has yet to conclude his review of the dam construction application; and (2) that the Commission was correct in voting to deny the plaintiff's wetlands application pending before it in light of the pendency of the plaintiff's dam construction application before the Commissioner.

Plaintiff through its consultant wrote to the Chair of the Commission on April 27, 1995, and stated: The State of Connecticut Department of Environmental Protection recently advised us that since a Dam Permit will be required for the above project, DEP assumes jurisdiction over all associated wetlands impacts. This is in accordance with Section 5, paragraph 5.1.a of your Regulations. Thus, the sole issue before your Commission is the minimal impact of the .83 acres of regrading within the 100 foot wetlands buffer, as outlined in our application.

Ex. 34. The plaintiff, however, misconstrues the potential reach and extent of the Commissioner's review under Chapter 446j of the General Statutes, and it is by no means certain that the design, if permitted, might not lead to a change in the amount of or location of regrading anticipated. (The regrading is in connection with the creation of the stormwater detention structure and an access road.) Accordingly, it is premature of the plaintiff to claim that any portion of the application before the Commission is appropriate for the exercise of the latter's review. The plaintiff argues that the 0.83 acres of regrading activity is only "arguably within the jurisdiction of the defendant Commission," or "probably within the jurisdiction of the Commission ..." (Plaintiff's Brief at 22). Clearly, the Commission acted correctly in denying the application rather than secondguessing the Commissioner on whether this or any other aspect of the plaintiff's application would survive the dam safety permit review process. Therefore, the existence vel non of evidence in the record to support the denial of the regrading aspect of the application pending before the Commission is of no moment, and this Court need not reach this issue.

Secondly, the Commission was constrained by its own regulations from doing other than denying, granting or granting the plaintiff's application with conditions. (Ex. 19-Inland Wetland Regulations of the Town of North Canaan § 11.1.) This regulation is in accordance with the Act. As the Commission has pointed out, it is clear during the pendency of

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in A.2d                                                                                           Page 4
Not Reported in A.2d, 1996 WL 88270 (Conn.Super.)

proceedings before the Commission that the DEP would exercise its jurisdiction of review for approval of the dam and detention basin design proposal. The February 23, 1995 minutes of the public meeting of the Commission indicate that the plaintiff was advised that no permit to proceed would be issued until they had received approval from the DEP to build the proposed flood detention dam. (Ex. 9.) The Commission, if preempted by the State Dam Safety Statute, certainly could not approve the plaintiff's application, or approve it with conditions or modifications. It denied the application because no other course of action was available to it, and because it was constrained by statute to decide the matter within distinct time frames. Conn. Gen.Stat. § 22a-42a(c).

*4 The plaintiff's brief at page 25, 26 states: "The Commission had no authority to act on the construction of the dam or any of its associated environmental impacts." If the Commission had no authority to act, then the plaintiff should not have submitted its application for a dam to the Town's Inland Wetlands Commission. The Commission was without jurisdiction to deny the application and it was without jurisdiction to grant it.

For the reasons stated, the appeal is dismissed.

Conn.Super.,1996.
Phoenix Horizon Corp. v. Town of North Canaan Inland Wetlands-Conservation Com'n
Not Reported in A.2d, 1996 WL 88270 (Conn.Super.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.