UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TWEED-NEW HAVEN AIRPORT AUTHORITY | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3:08-cv-597 (JCH) |
| | : | |
| TOWN OF EAST HAVEN, CONNECTICUT et al., | : | |
| Defendants. | : | JANUARY 15, 2009 |

**RULING RE: DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. No. 110), MOTION TO MODIFY JUDGMENT AND ORDER (Doc. No. 111), MOTION TO STAY (Doc. No. 113), AND PLAINTIFF'S MOTION TO STRIKE (Doc. No. 116)**

I.   INTRODUCTION

The defendants, the Town of East Haven ("East Haven"), the Town's Inland Wetlands and Watercourse Commission, the Town's Planning and Zoning Commission, and the Town's Flood and Erosion Control Board (collectively "East Haven defendants"), move the court to reconsider (Doc. No. 111), modify (Doc. No. 113), and stay (Doc. No. 113) its Bench Trial Ruling (Doc. No. 108). In response, plaintiff moves the court to strike the defendants' Motions on the grounds that they are procedurally and legally insufficient and untimely.

II.   DISCUSSION

A.   Motion to Strike

Plaintiff argues that the Motions filed by East Haven defendants are procedurally barred because they were not made by motion pursuant to Fed. R. Civ. P. 7(b)(1). Additionally plaintiff argues that the filing of the Motions were untimely.

1.   Lack of Motion

Plaintiff correctly states that defendants did not file a Motion with their

Memorandum. While it is true that "[i]n general a request for a court order must be made by motion," see Fed. R. Civ. P. 7(b)(1), the court does not find this is an adequate basis to strike the motion, especially in light of defense counsel's representation that it was a clerical error on the part of his secretary. See Def.'s Opp to Mot. to Strike at 5-9; Echter Aff. ¶ 4-6. The court will deem the memorandum a motion for the purpose of this ruling.

        2.        Untimely Filing

Plaintiff also argues that defendants' Motion was five days late. Defendants had ten days in which to file the Motion for Reconsideration and the Motion to Modify Judgment and Order. See L. Civ. R. 7(C)(1); Fed. R. Civ. P. 59 (e)  In computing whether the Motion is untimely, Fed. R. Civ. P 6(a)(3) instructs the court to exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days. Rule(6)(d) instructs the court to add three days to that calculation if the motion is filed electronically pursuant to Rule 5(b)(E). However, in calculating the three extra days, the court is not permitted, according to the 2005 Advisory Notes, to exclude weekend days and holidays. The Ruling for which the defendants are requesting reconsideration was issued on October 24, 2008. The Motion was filed on November 12, 2008. Thus, taking the Note into account, the Motion would be untimely by two days. However, the court will not deny the Motions as untimely because the face of the Rule expressly excludes weekends and holidays from the calculation, and in reading it that way the Motions would be timely. Thus, the court will consider the motions.

The court, thus, DENIES Plaintiff's Motion to Strike (Doc. No. 116).

B.     Motion for Reconsideration

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted). The court finds that Smith has failed to demonstrate any of these grounds.

The court concludes that the East Haven defendants do not meet this strict standard. It is not entirely clear to the court what the defendants are arguing but its best reading of the Motion for Reconsideration is that the defendants claim the third ground, clear error or manifest injustice, justifies reconsideration. The court finds this argument unavailing.

The defendants fail to present evidence that the court overlooked a material fact, made a mistake in interpreting the law, or that manifest injustice has occurred. The

defendants contend, inter alia, that the court erred in determining that the RSA project was within airport boundaries and the fact that Dodge Avenue is a public road takes it out of the federal preemption analysis. At no point do the defendants assert new evidence it could not have discovered before or evidence that the court may have overlooked in arriving at its decision. These claims do not satisfy the standards of reconsideration.

Additionally, in its Ruling, the court did not overlook any of the issues the defendants address in the memorandum in making its Ruling. Indeed, the court went into great detail about why it believed the RSA project was within the airport boundaries. See e.g., Ruling at 14-17. Because the defendants failed to meet the standard for reconsideration, the court DENIES the East Haven defendants' Motion for Reconsideration (Doc. No. 111).

      C.      Motion for Modification of Judgment and Order

In light of the court's denial of the Motion for Reconsideration, the defendants request that the court modify its Judgment and Order. It seeks two modifications. First, it requests that the court order that the plaintiff cannot close any existing portion of the existing Dodge Avenue until completion of the planned relocated Dodge Avenue. Second, it asks that the order and judgment of the court "in no way precludes the defendants from performing any investigations or evaluations and making any recommendations which the State of Connecticut and its entities may conclude are appropriately within the powers of the local entities and of assistance to the State." Mem. in Supp. at 9.

A motion to amend a judgment under Rule 59 is decided under the same

standard as a motion for reconsideration pursuant to Rule 59.  See Ass'n for Retarded Citizens of Conn., Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995)("Rule 59(e) covers a broad range of motions, including a motion to reconsider.")(internal quotation omitted).

While the defendants ask the court to amend its Judgment, it brings forth no new evidence or controlling law, nor evidence of clear error or manifest injustice.  In addressing its second request, it merely states that a representative of the State Department of Environmental Protection "might not preclude the applicant from needing federal or other local appropriate permits."  Mem. in Supp. at 9.  It further states that "local officials should not be relegated to sitting on their hands and saying nothing."  Id. at 10.  The court is, again, not entirely clear what the defendants are attempting to prove here.  It bears noting that the East Haven defendants were provided with an opportunity to participate in the RSA approval process, yet they failed to do.  Ruling at 5 n.7.

Because the defendants have failed to meet the standard for a motion to amend, the court DENIES its Motion to Modify the Judgment and Order (Doc. No. 111).

D.     Motion to Stay

Finally, the East Haven defendant request the court to stay its Order and Judgment to allow for a prompt appeal.  In order to determine whether a stay should be ordered, a court must consider: (1) whether the petitioner is likely to prevail on the merits of this appeal; (2) whether the petitioner will be irreparably injured without a stay; (3) whether issuance of a stay will substantially harm other parties interested in the proceedings; and (4) wherein lies the public interest.  Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir.1999) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

With respect to the first prong, the defendants have made no showing, nor an effort to show, that they are likely to prevail on the merits of the appeal. The defendants merely broadly state that the case raises issues "of first impression," Mem. in Supp. at 10, yet do not identify the issues specifically or why the court erred. This is not a sufficient showing. Because the defendants are not likely to prevail on appeal, the court DENIES the Motion to Stay (Doc. No. 116).

### III. CONCLUSION

For the foregoing reasons, the court DENIES defendants' Motion for Reconsideration (Doc. No. 110), Motion to Modify Judgment and Order (Doc. No. 111), and Motion to Stay (Doc. No. 113). It also DENIES plaintiff's Motion to Strike (Doc. No. 116).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 15th day of January, 2009.

                                          /s/ Janet C. Hall
                                          Janet C. Hall
                                          United States District Judge